# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RENARD,<br><br>          Plaintiff,<br>vs.<br><br>SAN DIEGO UNIFIED PORT DISTRICT, ET AL.,<br><br>          Defendants. | CASE NO. 06-CV-2665 H (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT** |

On May 15, 2007, Plaintiff filed his second amended complaint. (Doc. No. 79.) On June 8, 2007, Defendants filed a motion to dismiss. (Doc. No. 114.) On July 16, 2007, Plaintiff filed a motion to strike certain defenses from Defendants' motion to dismiss and asking the Court to order a more definite statement as to certain arguments in the motion to dismiss. (Doc. No. 117.) Defendants filed a response in opposition on July 26, 2007, arguing that Plaintiff's motion is inapplicable to their motion to dismiss. (Doc. No. 118.) Plaintiff filed a reply in support of his motion on August 1, 2007. (Doc. No. 119.) The Court exercises its discretion under Civil Local Rule 7.1(d)(1) and finds this matter appropriate for disposition without oral argument.

As an initial matter, Rule 7(a) of the Federal Rules of Civil Procedure sets forth the limited documents considered "pleadings" within the federal courts.[1] In contrast,

---

[1] Rule 7(a) provides: "There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14;

1  Rule 7(b) describes "motions" and "other papers" contemplated by the Federal Rules.

2   A party may file a motion to strike under Rule 12(f), which provides that the court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. "'[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983), <u>rev'd on other grounds</u>, 510 U.S. 517 (1994)). Rule 12(f) motions to strike are generally disfavored. <u>See</u> <u>e.g.</u>, <u>Stanbury Law Firm v. I.R.S.</u>, 221 F.3d 1059, 1063 (8th Cir. 2000). Importantly, only pleadings are subject to a motion to strike. Improper motions, declarations, or other material not contained in pleadings cannot be stricken under Rule 12(f). <u>See, e.g.</u>, <u>A.H. Robins Co.</u>, 697 F2d at 885. Accordingly, Plaintiff's motion to strike arguments from Defendants' motion to dismiss is improper.

Similarly, Rule 12(e) of the Federal Rules of Civil Procedure allows a court to order a more definite statement in response to pleading deficiencies: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Rule 12(e) only contemplates a more definite statement with regard to pleadings, however, and it does not provide any mechanism through which a party may obtain a more definite statement as to a motion to dismiss. Accordingly, Plaintiff's motion for a more definite statement as to Defendants' motion to dismiss is also improper.

In short, Plaintiff's motion fails because neither a motion to strike nor a motion for more definite statement applies in the context of a motion to dismiss. Accordingly, the Court **DENIES** Plaintiff's motion to strike or for a more definite statement.

---

and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

- 2 -    06cv2665

1 | Additionally, much of Plaintiff's motion attacks the sufficiency of Defendants'
2 | arguments raised in their motion to dismiss. The Court notes that Plaintiff may raise
3 | any perceived deficiencies in Defendants' motion in his opposition to the motion to
4 | dismiss. As noted in a previous scheduling order, Plaintiff shall file any opposition to
5 | Defendants' motion to dismiss by August 13, 2007. Defendants may file any reply by
6 | August 20, 2007.

7 |     IT IS SO ORDERED.
8 | DATED: August 6, 2007

          */s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:

Daniel Renard, pro se
P.O. Box 6301
San Diego, CA 92166

All Counsel of Record